**Dallon BROWN, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 30, 1969.

Marion Vance, Bobby H. Richardson, Glasgow, for appellant.

John Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Dallon Brown appeals from a judgment sentencing him to a term of two years in the penitentiary pursuant to a verdict convicting him of hog stealing. His sole contention on appeal is that the indictment should have been dismissed because of the failure of the Commonwealth to make available for him a transcript of the testimony heard before the grand jury that indicted him. He says that a stenographer was present at the session of the grand jury but she did not take down the testimony verbatim, but only made summaries of the testimony. He was given copies of the summaries but he maintains they do not fulfill the purpose of a transcript. He argues that under RCr 5.16, if the Commonwealth elects to have a reporter present at the session of the grand jury, the reporter must take full stenographic notes of the testimony so that a verbatim transcript can be made available to the defendant.

There may be some merit in the argument that under RCr 5.16 and 5.18 the only justification for the presence of a stenographer at a session of the grand jury is for the making of a full stenographic report of the testimony, and that if a stenographer is directed to be present by the Commonwealth the duty thereby is assumed by the Commonwealth to see that full stenographic notes are made. However, the record on the instant appeal is not in such condition as to furnish a basis for consideration of the argument.

As concerns the key questions of whether a reporter was in fact present at the session of the grand jury at which witnesses against the appellant were heard, and whether she did or did not make full stenographic notes, the record is inadequate. It contains only two references to the matter. One is the following paragraph of a motion of October 18, 1968:

"He moves for dismissal of all indictments due to the fact that the verbatim evidence before the grand jury was not taken, but only in summary form, of which he is informed."

The other is the following paragraph of a motion of October 21, 1968:

"He moves for other evidences taken before the grand jury to be produced. He says that he has heretofore made such motion and the Court Reporter has graciously and honorably produced verbatim copies of the testimony, which as counsel understands is but a "summary" by statement of the witnesses and signed by them. She did not take down the other testimony; while it is true that little evidence is needed to return an indictment, yet still, the defendant is entitled to a transcript of Each, All and Every Word Spoken under oath by the witnesses whether it is considered by the commonwealth's office material or immaterial. Defendant moves for this by motion and says in regard thereto that probably the court reporter cannot produce the same because it was not taken down, but that other evidence was heard not taken down by short hand notes but enough was taken down, the essential ingredients, for the grand jury to return an indictment and base it upon. So defendant now moves the Court for copy of transcript of All evidence before the grand jury."

Neither of the motions was accompanied by any affidavit by appellant's attorney undertaking to set forth the facts with regard to the stenographic reporting of the

testimony before the grand jury. The motions themselves, when carefully analyzed, do not state specifically that there was a stenographer present at the grand jury session. Reference is made to summaries being furnished by the "Court Reporter" but it is not made clear by whom the summaries were prepared, or from what. The motions state that the testimony "was not taken down" but do not indicate, other than by possible inference, that a stenographer was there who could have taken down the testimony.

It would serve no purpose for us, in this case, to make the interpretation of the Rules of Criminal Procedure which the appellant asks us to make, because we cannot tell from the record of the case whether there was in fact a noncompliance with the rules as so interpreted.

The judgment is affirmed.

All concur.